UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ED CV 17-01497-AB (JCx) | Date: | January 31, 2018 |
|---|---|---|---|

Title: *Santiago Portillo v. Chipotle Mexican Grill, Inc.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] Order **DENYING** Plaintiff's Motion to Remand

Before the Court is Plaintiff Santiago Portillo's ("Plaintiff") Motion to Remand Action to State Court ("Mot.," Dkt. No. 12). Defendant Chipotle Mexican Grill, Inc. ("Defendant") filed an opposition ("Opp.," Dkt. No. 18), and Plaintiff filed a reply ("Reply," Dkt. No. 19). The Court previously took the Motion under submission. For the following reasons, the Court **DENIES** the Motion.

## I. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint was filed in state court on January 9, 2017. *See* Compl. (Dkt. No. 1–1). On March 28, 2015, Plaintiff was a patron of Defendant's restaurant at 9770 Mariposa Road, Hesperia, CA 92345. (*Id*. at 4.) Plaintiff alleges that while he was walking in the restaurant he slipped and fell, seriously injuring himself. (*Id.*) He also alleges that he suffered serious injuries amounting to $750,000. (*Id.* at 6.) As a result, Plaintiff has brought this personal injury action against Defendant on the theories of general negligence and premise liability. (*Id.*)

## II. PROCEDURAL BACKGROUND

Defendant removed the action to federal court on July 27, 2017 on the ground of diversity jurisdiction. *See* Not. of Removal (Dkt. 1: ¶ 8.) Defendant alleges that this Court has original jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Not. of Removal ¶ 8.) Defendant maintains that the parties are diverse because Plaintiff is domiciled in California, and Defendant is incorporated in Delaware with its principal place of business is in Colorado. (Not. of Removal ¶ 10.)

While Plaintiff does not dispute that the amount in controversy exceeds $75,000, Plaintiff claims that complete diversity does not exist because he alleges that Defendant is incorporated in California in addition to being incorporated in Delaware. Plaintiff also alleges that Defendant's principal place of business is in California. Consequently, Plaintiff maintains that complete diversity does not exist between the parties because Defendant, like Plaintiff, is a citizen of California. Therefore, Plaintiff argues the case must be remanded. Plaintiff also requests costs and expenses per 28 U.S.C. § 1447 and/or § 1927.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant can remove a civil action to a federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 9441(a). Federal courts have original jurisdiction over matters if there is a federal question at issue or where "the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity meaning the dispute is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is a citizen of every State where it is incorporated, and a citizen of the State of its principal place of business. 28 U.S.C. § 1332(c). The principal place of business is ascertained by the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 90 (2010). The "nerve center test" holds that the principal place of business is where the corporation's headquarters is located "from which . . . its officers direct, control and coordinate all activities without regard to locale, in the furtherance of the corporate objective." *Id.* at 90, 93. The principal place of business is a single location. *Id.* at 93.

If a federal court lacks subject matter jurisdiction, then the action must be remanded to a state court, but the motion to remand must be timely. 28 U.S.C. § 1447(c). A motion to remand is timely if made before final judgment. *Id*. If the motion to remand is granted, then the district court can order the remanding party to pay the costs and actual expenses, including attorney fees, of the party resisting removal. *Id.*

## IV. DISCUSSION

This Motion turns on whether Defendant is a citizen of California. Plaintiff argues that Defendant is a California citizen under both aspects of dual citizenship–place of incorporation and principal place of business. The Court discusses each in turn.

### A. Whether Defendant is Incorporated in California

Plaintiff contends that Defendant is incorporated in California because Defendant is registered to do business in California. *See* Kar Decl. (Dkt. No. 12–1) Ex. 1. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated . . . ." 28 U.S.C. § 1332(c)(1). Multi-state corporations are citizens of every state in which it is incorporated. *Yancoskie v. Del. River Port Auth.*, 528 F.2d 722, 727 n.17 (3d Cir. 1975). Nevertheless, merely registering to do business in a state and appointing an agent for service of process in order to conform to state laws does not mean the corporation is incorporated in that state or that complete diversity is destroyed. *See Grady v. Stoever*, 968 F.Supp. 334, 335 (S.D. Tex. 1997); *see also Ohio Cas. Ins. Co. v. Hillesland*, 1999 WL 358912 at *1 (E.D. Pa. June 3, 1999) (holding that a corporation is not a citizen of a state simply because it is licensed to do business there).

Here, Defendant is incorporated in Delaware and has merely followed California law by appointing an agent for service and registering to do business in California. Consequently, Defendant is not incorporated in California for the purposes of subject matter jurisdiction.

### B. Whether Defendant's Principal Place of Business is in California.

Plaintiff claims that Defendant's principal place of business is located in California. A corporation's principal place of business is its "nerve center," where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp.*, 559 U.S. at 90, 93. Here, Defendant filed an uncontested declaration establishing that its high-level officers direct, control, and coordinate the corporation's activities and operations both internationally and throughout the United States from its headquarters in Denver, Colorado. *See* Not. of Removal, Smiley Decl. (Dkt. No. 1–5.) Plaintiff also acknowledges that Defendant is a citizen of Colorado. (Mot. 4:15–16.) Furthermore, Defendant's California registration form, which Plaintiff relies on to allege that Defendant is incorporated in California, explicitly states that Defendant's CEO, CFO, and secretary are located at Defendant's headquarters in Denver, Colorado. *See* Kar Decl. (Dkt. No. 12–1.) Ex. 1.

Nevertheless, Plaintiff contends that under the "nerve center test" laid out in *Hertz*, an examination of Defendant's intrastate activities is required to decide whether California

is a principal place of business for Defendant. In effect, Plaintiff argues that the "nerve center test" should be applied to ascertain whether Defendant's California location in question is controlled and directed by managers and executives in California instead of its headquarters in Colorado.

Here, the Supreme Court has been clear. A "corporation's 'nerve center,' usually its main headquarters, is a single place." *Hertz,* 559 U.S. at 93. The "nerve center test" "points courts in a single direction, towards the center of overall direction, control, and coordination" for the entire corporation. *Id*. at 96. Instead, Plaintiff's approach applies the "nerve center test" on a location-by-location basis, which would result in the creation of multiple principal places of business. This approach violates the Supreme Court's directive that a corporation has only one principal place of business and, if applied, would give rise to greater litigation. *See id*, 559 U.S. at 93–94. Therefore, Plaintiff's argument is incorrect. For the aforementioned reasons, Defendant's principal place of business is in Colorado.

### C. Plaintiff's Remaining Arguments Conflate Personal Jurisdiction with Subject Mater Jurisdiction

Finally, Plaintiff contends that because Defendant registered as a corporation in California, appointed an agent for service of process in California, and has availed itself of the services of the state court in other cases, it has consented to the state's subject matter jurisdiction. However, this assertion conflates the concepts of subject matter jurisdiction with personal jurisdiction. Subject matter jurisdiction relates to the Court's ability to assert authority over the subject of the action. *Hertz Corp.*, 559 U.S. at 84 (holding that Congress determines the scope of jurisdiction for federal courts). Subject matter jurisdiction cannot be waived or conferred by consent. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). In contrast, personal jurisdiction relates to a Court's ability to assert its authority over a party to the litigation. *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Thus, a state has personal jurisdiction over a defendant where the suit arises out of, or is related to, the defendant's contacts with the state. *Id.* at 754. Furthermore, a party can consent to or waive personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985).

Here, Plaintiff relies on facts which establish that Defendant has created contacts with California. These contacts speak to personal jurisdiction, not to whether this federal court has jurisdiction over the subject matter of this suit. *See International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement* 326 U.S. 310, 316–17 (1945); *see also Grady*, 968 F. Supp. at 335. Consequently, Plaintiff's argument is misplaced.

For all of the foregoing reasons, the Court finds that Defendant is a citizen of

Delaware and Colorado, and therefore, there is complete diversity between the parties, subject matter jurisdiction exists, and there no basis to remand this case. The Motion is therefore **DENIED**. Plaintiff's request for attorneys' fees and other expenses is moot.

## V. CONCLUSION

The Court hereby **<u>DENIES</u>** Plaintiff's Motion for Remand.

**IT IS SO ORDERED.**